STATE of Arkansas *v.* Mary Jo DIMLER,
Kela Mae NOLEN and Jimmy Bennett WALTHALL

5645                                                    475 S.W. 2d 152

Opinion delivered January 17, 1972

*Ray Thornton*, Attorney General, for appellant.
*Harold Hall*, for appellees.

Carleton Harris, Chief Justice. On April 8, 1971, the State of Arkansas filed a felony information against appellees in which they were charged with the crime of keeping and conducting a gambling house on March 20, the case being numbered 73231. On May 4, another in-

formation was filed against the appellees, charging them with the same offense, and differing only in that it was charged that the offense occurred on March 5 and 6. This was case number 73369. One week later on May 11, a third information was filed against appellees, in case number 73409. The charge differed from the second information only by specifically naming persons from whom bets were taken, no such allegation having been made in either of the first two informations. On this same date of May 11, after a jury was empaneled and seated to try case number 73231 (the case alleging the offense on March 20), the state moved to dismiss the charges, and the court granted the motion.[1] Thereafter, on June 25, case number 73409 was called for trial, and upon a plea by appellees of former acquittal, the charge was dismissed by the court.[2] From such order, the state brings this appeal.

The state argues only one point for reversal in its brief, and this opinion is directed to that point only. For the purposes of this appeal, the state concedes in its brief and argument that all three informations re-

---

[1]
"PULASKI CIRCUIT COURT FOURTH DIVISION
MARCH TERM 1971
TUESDAY, MAY 11, 1971

STATE OF ARKANSAS
73231          vs.
JIMMY WALTHALL
DILA MAE NOLEN
MARY JO DIMLER
This day comes the State of Arkansas by James Guy Tucker, Prosecuting Attorney, and comes the defendants in proper person and by their attorney, Harold Hall, and defendants having previously entered pleas of not guilty, both parties announce ready for trial, thereupon come twelve (12) qualified electors of Pulaski County, viz: Charles Harper, Mrs. Ruth Robinson, Lewis Dukes, Mrs. Francis Mayham, George Vandergrift, Rev. J. V. Cooper, Charles Richeson, Fred Bowen, Mrs. Wanda Anthony, Mrs. Pat Blass, John M. Gardner, and Cletis Overton, who are empaneled and sworn as a trial jury in this case and on motion of the State, the charge herein is dismissed and defendants discharged; whereupon the Court doth discharge the Jury from this case."

---

[2]As to what point jeopardy attaches, see *Jones* v. *State*, 230 Ark. 18, 320 S. W. 2d 645.

late to the same offense, not separate and distinct ones. The state contends that appellees were never in jeopardy on the charges in case 73409, solely because the information in 73231, which was dismissed on the state's motion after the jury was empaneled, had already been superseded by the filing of the second and third informations and was no longer a viable charge against the defendants; that they could not have been properly tried on this information because it had been superseded. This, says appellant, means that appellees were never placed in jeopardy as a result of the "trial" in case 73231. This argument is based upon the provisions of Ark. Stat. Ann. § 43-1031 (Repl. 1964), which reads as follows:

"If there shall be, at any time, pending against the same defendant, two (2) indictments for the same offense, or two (2) indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed. [3]"

As case authority for its position, the state cites *Hudspeth* v. *State,* 50 Ark. 534, 9 S. W. 1, and *Bethel* v. *State,* 162 Ark. 76, 257 S. W. 740.

These cases are not applicable, though both relate to the grand jury finding a second indictment (where the first had been destroyed or lost) *but in neither instance had the defendant gone to trial on the first indictment.* Also, the statute cited by appellant is not self-executing, *i. e.,* the first indictment is not automatically suspended or superseded when a second information is filed, but only after an order has been entered. As long ago as 1846, this court, in the case of *State* v. *Barkham,* 7 Ark. 387, passed upon an identical statute, and quoted it at the outset of the finding which is pertinent to this appeal, as follows:

" 'If there shall be at any time pending against the same defendant two indictments for the same of-

---

[3]The state may validly charge by information rather than by indictment. See *Stewart* v. *State,* 241 Ark. 4, 406 S. W. 2d 313.

fense or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be superseded[4] by such second in-dictment and shall be quashed.' This statute simply declares the effect of the pendency of another prosecution, but this would not authorize the court to take judicial notice of the fact. A party wishing to avail himself of the pendency of another indictment, or any other matter dehors the record would most unquestionably be required to bring such matter before the court by an appropriate plea. * * *''

It is thus apparent that the court must enter an order quashing the first indictment or information before the provisions of the statute become effective; indeed, the statute itself uses the language *"shall be quashed",* and even then, such action would have to be taken before a trial of the defendant on that information. In *State* v. *Clark,* 32 Ark. 231, Clark was tried for stealing certain articles, convicted of stealing some of the articles, but acquitted on others. A new trial was granted Clark relative to his conviction on stealing part of the property. It was then shown to the court that another indictment had been subsequently found by the grand jury against the defendant for the same offense, and the court ordered that the first indictment be quashed. To the second indictment, the defendant pleaded double jeopardy and the court sustained the plea (as to those items wherein he had been acquitted) discharging the defendant and the state appealed. We said:

''The indictment being good on which this acquittal was had, he never could be put in jeopardy again on that indictment, or on any subsequent indictment, for stealing the same articles. The acquittal is a perpetual bar, though the court after granting him a new trial

---

[4]In the statute in effect in 1846 (Digest of the Statutes of Arkansas by English), this word is "suspended". Apparently, the writer of the opinion, in copying the statute, erroneously used the word "superseded". In usage today, the word "suspended" generally means "temporarily debarred, inoperative, held in abeyance". Webster's Third New International Dictionary. At any rate, whichever word is used, there is a requirement that an order quashing the first indictment must be made before it is completely inoperative.

as to the articles which he was convicted for stealing, and after the second indictment was found, quashed the first indictment on which he was tried. The court could not deprive him of the bar by quashing the indictment, for the reason that *a second indictment had been found for the same offense* [emphasis supplied], and not because the first indictment was bad."

Here, the second and third informations were for the same offense, and the information being valid on which the acquittal was had, appellants could not be put in jeopardy again on that information or any subsequent information for committing the same act.

Affirmed.