Charles PATTERSON *v*. STATE of Arkansas

CR 79-187                                591 S.W. 2d 356

Opinion delivered December 17, 1979
(In Banc)

[Rehearing denied January 21, 1980.]

*William R. Wilson, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. De Gostin, Jr.,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Associate Justice. We granted appellant's petition for certiorari in this case pursuant to Rule 29(6)(a) and (c). The court of appeals, in a split decision, affirmed in part and reversed in part. In granting certiorari we will consider this case as if were filed in this Court from

the beginning. However, this does not imply we could not take jurisdiction of less than the entire case. Rule 29 (1) designates matters which should have been filed in this Court originally and are included by reference in the provisions of Rule 29 (6) (a). Constitutional and statutory interpretation arguments are interwoven throughout the appeal and it would not be practical to separate them for purpose of consideration by this Court.

The original appeal was from a jury conviction of appellant in the Lawrence County Circuit Court. The conviction was on one count of conspiracy to commit bribery and six counts of bribery. Appellant was sentenced to 7 one-year periods of confinement which were to run consecutively.

On appeal it is urged that the court committed many prejudicial errors. One alleged error is that it was prejudicial to force appellant to trial on a 22-count information filed by the prosecuting attorney which counts were identical to two indictments previously returned by the grand jury. These grand jury indictments were still pending at the time of the trial. The other alleged errors concern interpretation of statutes and rules of evidence. Due to the complexity of the grounds urged for reversal, it is deemed appropriate to deal with them separately in order of the argument. We find prejudicial error and remand for a new trial.

The facts of this case reveal appellant was named in three separate indictments by the Independence County Grand Jury on October 20, 1977. Two of the indictments charged appellant with bribery and conspiracy to commit bribery. Several defense motions were filed prior to November 18, 1977, when appellant was again called before the grand jury. When he appeared before the same grand jury, which had previously indicted him, he was offered a form of immunity. The circuit judge had signed some immunity forms with the name of the witness left blank. In this case the prosecuting attorney wrote appellant's name on one of the improper blank forms which had been signed by the judge. The judge was not in the county on this date. On advice of counsel, appellant exercised his Fifth Amendment rights and refused to testify. The next day appellant filed a motion

attacking the entire grand jury proceedings. A conference was held in Jackson County on July 21, 1978, at which time the court granted a defense motion to change the venue to Lawrence County and scheduled the trial to commence on August 21, 1978. A pretrial hearing was held in Independence County on August 11, 1978, at which time the appellant was arrested as he entered the courthouse. The arrest was based upon an information which had been filed on August 8, 1978. The 22-count information contained the identical allegations included in two of the earlier indictments. Both oral and written objections were filed attacking the information. Appellant specifically requested the indictments be dismissed in view of the subsequent information filed on the same matters.

The trial commenced before a jury in Lawrence County on August 21, 1978. The appellant insisted the indictment should be dismissed but his motions and request were denied. The last motion to quash the indictments was made orally during the trial at the time appellant was seated in the witness stand. The court again rejected the request to quash the grand jury indictment and appellant elected not to testify. There had been no request that the third indictment be quashed, and we are unaware of the charges contained in that indictment. During the course of the trial testimony of an alleged co-conspirator was presented, over appellant's objection and request for a limiting instruction. The court declined to give a limiting instruction at the time the testimony was given but indicated it might be given later. At the close of the trial the court declined to give a limiting instruction apparently on the theory that the co-conspirator's testimony had been properly connected by evidence independent of the testimony of the co-conspirator. Also, a mistrial was denied when one witness testified appellant had tried to get him to commit perjury in another case. The court instructed the jury to disregard this testimony. Another witness gave unresponsive testimony to the effect that he was scared to tell the grand jury the truth because he feared his family might be harmed. There was no other evidence indicating a basis for such fear nor did the witness furnish any supporting testimony upon which the fear was alleged to be predicated. Another motion for mistrial was denied by the

court. A former sheriff testified he had made an investigation into the charges in this case and decided they were true. A request for a mistrial was again denied and the jury was again told to disregard this opinion evidence. One Buckshot Nicholson identified a written statement he had given the prosecutor three days prior to the trial. This statement was his version of some of the facts to which he was testifying at the trial. The written statement was admitted into evidence and submitted to the jury over the objection of appellant.

A bootlegger testified she had a telephone conversation with appellant and the conversation was recorded. Her telephone was tapped by the state with her consent and the recorded conversation was introduced into evidence over the objection of appellant. This same bootlegger was alleged to be a co-conspirator. During the closing summation by the prosecutor he made the statement that he would like to know what the appellant had to say about it. (Appellant had not taken the stand.) Also, he argued in his rebuttal that if the jury only fined appellant his father would pay it for him. The trial court had, on motion of the appellant, directed him not to discuss the penalty because it had not been discussed in his summation nor had the appellant's attorney discussed it. Again the motion for mistrial was denied. Appellant was convicted of seven of the 22 counts and sentenced to 7 one-year sentences, to run consecutively.

I.

THE TRIAL COURT ERRED IN FORCING THE DEFENDANT TO TRIAL ON THE INFORMATION WITHOUT FIRST QUASHING THE TWO PRIOR INDICTMENTS ON THE IDENTICAL ALLEGATIONS.

We cannot agree with the state's contention that this argument is totally absurd, frivolous, and an affront to the intelligence of anyone capable of reading the record and statute. Ark. Stat. Ann. § 43-1031 (Repl. 1977) states:

If there shall be, at any time, pending against the same defendant, two (2) indictments for the same offense, or

two (2) indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed.

As we read the statute, it requires the first of duplicate indictments to be quashed. Appellant's motion to quash these two prior identical indictments was denied up through the beginning of appellant's defense at the trial. We have held this statute is not self-executing. In *State* v. *Dimler,* 251 Ark. 753, 475 S.W. 2d 152 (1972), we stated:

> . . . Also, the statute cited by appellant is not self-executing, i.e., the first indictment is not automatically suspended or superseded when a second information is filed, but only after an order has been entered. *** It is thus apparent that the court must enter an order quashing the first indictment or information before the provisions of the statute become effective; indeed, the statute itself uses the language ''shall be quashed'', and even then, such action would have to be taken before a trial of the defendant on information. . . .

It may well be that appellant could have successfully pleaded former jeopardy if he were tried and convicted on the still pending grand jury indictments. However, he should not be put to such inconvenience and expense in view of the plain meaning of the statute. Since the statute is mandatory and in view of our prior holding in *Dimler,* supra, we find the court erroneously failed to quash the two pending grand jury indictments upon motion of appellant.

## II.

## THE TRIAL COURT ERRED IN REPEATEDLY REFUSING TO GIVE A LIMITING INSTRUCTION WHEN THE PROSECUTION OFFERED INTO EVIDENCE, FROM THE OUTSET OF THE TRIAL, STATEMENTS OF ALLEGED CO-CONSPIRATORS.

Statements of alleged co-conspirators are inadmissible as hearsay unless they are vicarious admissions. The state-

ments must be connected by other evidence which establishes the conspiracy independent of the statement. The existence of the conspiracy must be independently proved before the jury is allowed to consider statements of co-conspirators. *Glasser* v. *United States,* 315 U.S. 60 (1941). The trial court has discretion to vary the order of proof. *Dyas* v. *State,* 260 Ark. 303, 539 S.W. 2d 251 (1976). In Dyas we stated:

> We have held that it is within the discretion of the trial court to permit the statement of an alleged conspiracy to be introduced at the prosecution of a fellow conspirator before evidence tending to prove the conspiracy has been introduced. (Cites omitted.) Here, as in Easter, it ·was later in the testimony of the same witness that the evidence tending to establish the conspiracy was introduced and it was a matter within the sound judicial discretion of the court to control the order in which the testimony should be adduced.

Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, Rule 104 (b) (Repl. 1979), states:

> Relevancy Conditioned on Fact. Whenever the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or in the court's discretion subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

We do not find that we have had occasion to interpret Rule 104. The plain meaning of this statutory rule indicates the trial court has discretion in the order of admitting testimony of a co-conspirator. Uniform Rule of Evidence 105 states:

> Whenever evidence which· is admissible as to one (1) party or for one (1) purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

Thus it would appear in reading both rules that it was the

duty of the court to grant a limiting instruction. However, the court had discretion as to the order of admissibility. The 8th Circuit Court of Appeals considered a similar situation in *United States* v. *Bell,* 573 F. 2d 1040 (8 Cir.) (1978), and therein stated:

> . . . caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a co-conspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. . . .

Although AMCI 201 was not in effect at the time of the trial, it essentially sets out what we believe to be the best rule in handling the admission of testimony of co-conspirators. In view of the requirement that the jury must find beyond a reasonable doubt that the conspiracy did in fact exist, it appears a limiting instruction should have been given at some time during the trial. Of course, this question will not arise at the retrial of this case because AMCI 201 is now available for use in such cases and should be given, at sometime during the proceeding, upon request by the defendant.

### III.

THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL WHEN THE PROSECUTING ATTORNEY ELICITED TESTIMONY FROM A PROSECUTION WITNESS TO THE EFFECT THAT APPELLANT HAD SUBORNED PERJURY IN A PREVIOUS, UNCONNECTED CASE.

During the state's presentation of the case in chief,

testimony of a police officer was elicited which indicated appellant had attempted to persuade the officer to commit perjury in an earlier unconnected case. Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Repl. 1979), states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Both parties agree this testimony was improper. We agree it was improper and obviously the trial court agreed in view of the fact that the jury was instructed to disregard this testimony. Obviously, this will not happen at the next trial. There was no attempt to bring the testimony in under any exception to Rule 404 (b). Aside from the rule, we have many times held evidence of another crime, independent and unconnected to the one under consideration, is inadmissible. It is usually considered prejudicial error. *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954); *Rios* v. *State,* 262 Ark. 407, 557 S.W. 2d 198 (1977); *Satterfield* v. *State,* 245 Ark. 337, 432 S.W. 2d 472 (1968); and *Cobb* v. *State,* 265 Ark. 527, 579 S.W. 2d 612 (1979).

## IV.

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A MISTRIAL WHEN A PROSECUTION WITNESS GAVE UNSOLICITED TESTIMONY TO THE EFFECT THAT THE APPELLANT WAS A DANGEROUS MAN.

One witness made a voluntary and unsolicited statement to the effect that the reason he failed to tell the grand jury the truth was because he feared for the safety of his family. At this point the prior inconsistent statement had not been mentioned. This was the only evidence in the record indicating appellant was a dangerous man. After objection by appellant's counsel the court permitted the witness to

repeat the same statement again. This witness may have subsequently had an opportunity to explain why his testimony was not the same as he had given before the grand jury but it was improper to permit him to volunteer this information in advance of opening the door. Although it does not appear this precise question has been presented to us in any previous case, we feel the proper rule would be to declare such unresponsive testimony to be error if presented without justification as was done in this case. This, too, will not likely reoccur in the new trial.

## V.

THE TRIAL COURT ERRED IN OVERRULING THE DEFENSE MOTION FOR A MISTRIAL AFTER THE PROSECUTING ATTORNEY ELICITED A STATEMENT FROM A DEFENSE WITNESS WHICH, IN EFFECT, WAS AN OPINION BY THE WITNESS THAT THE APPELLANT WAS GUILTY AS CHARGED.

The witness, a former sheriff, in effect, stated after he had made his own investigation of the allegations in the indictment and information he had concluded they were true. The only logical conclusion to be reached from this testimony is that the witness believed appellant was guilty. The court admonished the jury again to not consider this evidence. A mistrial was requested and refused both before and after the admonition. We consider this opinion evidence in light of Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, Rule 704 (Repl. 1979), which states:

> Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

The testimony of this witness on this point was not otherwise admissible. It was not admissible for any reason at all; therefore, it constituted error. This statement was not embraced within any response to a prior question. Whether appellant was guilty or innocent was a matter entirely within

the province of the jury and it is improper for the witness, or even the court, to express an opinion as to the guilt or innocence of appellant.

## VI.

THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE A SIGNED STATEMENT OF A PROSECUTION WITNESS, WHEN THE STATEMENT WAS MADE ON SATURDAY, AUGUST 19, 1978, JUST THREE DAYS BEFORE THE TRIAL COMMENCED.

The witness had made a written statement at the request of the prosecuting attorney two or three days before the trial. This statement was introduced into evidence and copies furnished to the jury over the objection of the appellant. The state offered it for the purpose of proving the guilt or innocence of appellant.

Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, Rule 801 (c) (Repl. 1979), defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. This statement was expressly made for the purpose of proving the truth of the matter asserted and obviously was not made while testifying at the trial or hearing. We cannot fit the statement into any of the exceptions to the hearsay rule. The statement was apparently worded by the prosecuting attorney and signed by the witness as reflected by the response of the witness to a question about the statement when he replied:

"No, I didn't word it just that way, but that is the way it is."

If such statement were allowed, the prosecuting attorney could round up all his witnesses on the eve of a trial and prepare a statement for each to sign and hand the statements to the jury thereby emphasizing the evidence and testimony in a light most favorable to the state. The defense would, no doubt, adopt the same procedure if such evidence were held

admissible. The situation could develop whereby the jury would decide the case on a series of written statements presented to them at the time of the trial. We think the case of *Brown* v. *State,* 262 Ark. 298, 556 S.W. 2d 418 (1977), controls in this case and the statement was pure hearsay. It should not have been admitted into evidence.

## VII.

THE TRIAL COURT ERRED IN ADMITTING A TAPE RECORDED CONVERSATION BETWEEN APPELLANT AND PROSECUTION WITNESS ROBERT A. CLARK.

The state had tapped the witness's telephone with her consent. Thereafter she engaged the appellant in a conversation which was recorded. The tape of this conversation was presented to the trial jury over the objection of the appellant, who had not consented to the tap and in fact did not know the conversation was being recorded.

The Federal Omnibus Crime Control Act, 18 U.S.C. § 2511 (2) (c), provides intercepted telephone conversations may be used provided one of the parties to the conversation consents thereto. Appellant argues this witness did not give true consent because the state promised she would be ''protected.'' Also, appellant claims this was a violation of the Fourth Amendment to the United States Constitution. We disagree with appellant on these contentions. It was not shown that the witness cooperated and consented to the tap because of duress or threats of any nature. She stated she voluntarily consented to the conversation being recorded. A party to a conversation who mistakenly believes the other party will keep the conversation in secret is not prejudiced by the fact that such confidence is betrayed. *United States* v. *White,* 401 U.S. 745 (1971); *Kerr* v. *State,* 256 Ark. 738, 512 S.W. 2d 13 (1974). In view of the facts of this case we think the intercepted conversation was properly received in evidence.

## VIII.

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR A MISTRIAL AFTER

THE PROSECUTION COMMENTED, IN CLOSING ARGUMENT, ON APPELLANT'S FAILURE TO TESTIFY IN HIS OWN BEHALF.

The statement by the prosecuting attorney was at least subject to misinterpretation by the jury even if it were not intended as a remark referring to appellant's failure to testify. We need not cite authorities for the proposition that the prosecuting attorney cannot call the attention of the jury to the fact that an accused has failed to testify. Since there will be a new trial, this statement will not be repeated in its present context.

## IX.

THE COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR A MISTRIAL AFTER THE PROSECUTING ATTORNEY DISCUSSED PUNISHMENT IN HIS REBUTTAL CLOSING ARGUMENT IN DIRECT VIOLATION OF THE TRIAL COURT'S ORDER THAT HE NOT DO SO.

The prosecuting attorney argued about the penalty to be imposed although he had been instructed not to do so by the trial court. This instruction resulted because neither the state nor appellant's counsel argued the penalty in their closing summation. The court again admonished the jury to not consider this statement and denied the motion for a new trial. This is another error not likely to occur at the future trial.

## X.

INTENTIONAL VIOLATIONS OF APPELLANT'S DUE PROCESS RIGHTS CREATED MOST OF THE PREJUDICIAL ERRORS IN THIS CASE; THEREFORE RETRIAL WOULD CONSTITUTE A VIOLATION OF DOUBLE JEOPARDY.

We need not cite authority for the rule that a retrial is not barred by reversal of a conviction because of prejudicial error. Appellant recognizes the general rule but contends an

exception exists in a case where the prosecution creates the errors through bad faith or harassment. In other words, the state should not be allowed to create a mistrial for the purpose of getting another whack at the accused. Neither should the state be permitted to harass and intimidate an individual by intentionally causing him to be tried more than once.

Although the errors were numerous and sometimes appeared not to be unintentional, we cannot say that the prosecution acted in bad fath or with intent to harass the appellant by intentionally causing a new trial. This was obviously a trial where both counsel proceeded with vigor. However, the admission into evidence of the written statement of the witness Buckshot Nicholson constituted prejudicial error. Since we are considering this case as if the appeal were filed here, the case is reversed and remanded to the circuit court for a new trial.

Reversed and remanded.

HARRIS, C.J., not participating.

FOGLEMAN, J., would affirm opinion of the court of appeals.