Dennis BRIGGS *v.* STATE of Arkansas

CA CR 86-47                                    715 S.W.2d 223

Court of Appeals of Arkansas
Division I
Opinion delivered September 10, 1986

*Lovell & Arnold*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant was convicted of delivery of a controlled substance, cocaine, fined $1000.00, and sentenced to fifteen years in the Arkansas Department of Correction. The substance was sold in February of 1985 to Terrie Hild, an Arkansas State Police undercover narcotics investigator, who was wearing a body microphone at the time of the transaction. The mike was being monitored by Hild's supervisor and by police

officers of the City of Benton, Arkansas. Approximately one gram of cocaine was purchased. The state crime laboratory analyzed it as 42% pure.

By pretrial motion, appellant sought to exclude evidence of previous sales of marijuana made by him to Hild. The motion was granted with the trial court holding that the recording of appellant's meeting with Hild could not be heard in its entirety by the jury because it contained references to the marijuana sales. As an alternative, the court allowed a transcript of the recording, with the offensive references deleted, to be read to the jury. Appellant objected to the court's ruling and asked that the jury be allowed to hear the tape recording itself under the "best evidence" provisions of Rule 1002 of our Uniform Rules of Evidence. That rule provides as follows:

> Requirement of original. — To prove the content of a writing, recording, or photograph, the original writing, recording or photograph is required, except as otherwise provided in these rules or by statute.

On appeal, it is argued that the reading of a partial transcript of the taped conversation did not allow the jury to hear the tones and inflections of the voices of appellant and Officer Hild and could not recapture the mood of the encounter. In support of this argument, appellant relies on *Sumlin* v. *State*, 266 Ark. 709, 587 S.W.2d 571 (1979) (holding that a recording was the best evidence of a confession) and *Smith* v. *State*, 6 Ark. App. 228, 640 S.W.2d 805 (1982) (holding that a videotape should have been admitted into evidence instead of a transcription because the tape was "the original evidence" of the witness's statement.)

In *Walker* v. *State*, 13 Ark. App. 124, 680 S.W.2d 915 (1984), this court held that the "admissibility of tape recordings containing inaudible portions is a matter within the sound discretion of the trial court, and we will not reverse unless there has been an abuse of that discretion." 13 Ark. App. at 131. We have not been directed to a case, and we do not know of one, in which the appellant was arguing for the admission of a recording as appellant does here, but we cannot say the trial court abused its discretion in refusing to allow the jury to hear the recording under the circumstances in this case. Appellant presented the court with a dilemma. If the jury were allowed to hear the recording with its

references to the prior marijuana transactions, the court's ruling on appellant's motion in limine would have been violated. However, the court apparently found it impractical to attempt to delete those portions of the recording containing the offensive references, either by erasure or by skipping them during the playing of the tape. Therefore, the court took the next best action and allowed the jury to hear a transcript of the recording with the offensive portions omitted. We find no error in this regard.

Appellant also argues that the trial court erred in instructing the jury according to AMCI 3306-P, the punishment instruction for conviction of delivery of a controlled substance, when no evidence was presented at trial to show that cocaine was a controlled substance or under which schedule it was listed. The record discloses that the court instructed the jury based upon Ark. Stat. Ann. § 82-2617(a)(1)(i) (Repl. 1976), which was the statute in effect at the time of the crime. Appellant argues, however, that the State presented no evidence that cocaine is a substance listed in the official schedule of controlled substances (published by the Arkansas Department of Health pursuant to statutory regulation under Ark. Stat. Ann. §§ 82-2601 and 82-2614.3 (Supp. 1985)) or that cocaine is a narcotic drug.

Under Schedule II(b)(4) of the health department's 1985 schedule of controlled drugs, effective January 3, 1985, the following is found:

> Coca leaves (9040) and any salt, compound, derivative, or preparation of coca leaves and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine (9041) or ecgonine (9180).

Coca is "the dried leaves of *Erythroxylon coca*, yielding not less than 0.5 per cent of ether-soluble alkaloids; the source of cocaine and several other alkaloids," *Stedman's Medical Dictionary* 292 (23rd ed. 1976); *Erythroxylon coca* is defined as "Coca; a tree (family Erythroxylaceae) indigenous in Bolivia, Chile, and Peru from which cocaine is obtained," *id.* at 484; and cocaine is defined as "Benzoylmethylecgonine; an alkaloid obtained from the leaves of *Erythroxylon coca* (family Erythroxylaceae), and other spe-

cies of *Erythroxylon*, or by synthesis from ecogonine or its derivatives," *id.* at 292. Thus, it is obvious that cocaine is a Schedule II controlled substance. It is also well settled that the trial court may take judicial notice of the statutes of this state and regulations of the State Health Department promulgated pursuant to statutory authorization. *Johnson* v. *State*, 6 Ark. App. 78, 638 S.W.2d 686 (1982). *See also, United States* v. *Gould*, 536 F.2d 216 (8th Cir. 1976), in which the court stated:

> In *Hughes* v. *United States*, 253 F. 543, 545 (8th Cir. 1918), *cert. denied*, 249 U.S. 610, 39 S.Ct. 291, 63 L.Ed. 801 (1919), this court stated:
>
>> It is also urged that there was no evidence that morphine, heroin, and cocaine are derivatives of opium and coca leaves. We think that is a matter of which notice may be taken. In a sense the question is one of the definition or meaning of words long in common use, about which there is no obscurity, controversy, or dispute, and of which the imperfectly informed can gain complete knowledge by resort to dictionaries within reach of everybody * * * Common knowledge, or the common means of knowledge, of the settled, undisputed, things of life, need not always be laid aside on entering a courtroom.
>
> It is apparent that courts may take judicial notice of any fact which is "capable of such instant and unquestionable demonstration, if desired, that no party would think of imposing a falsity on the tribunal in the face of an intelligent adversary." IX J. Wigmore, *Evidence* § 2571, at 548 (1940). The fact that cocaine hydrochloride is derived from coca leaves is, if not common knowledge, at least a matter which is capable of certain, easily accessible and indisputably accurate verification. *See Webster's Third New International Dictionary* 434 (1961). Therefore, it was proper for the District Court to judicially notice this fact. Our conclusion on this matter is amply supported by the weight of judicial authority. (Citations omitted.)

■ We think it is clear that the trial court could properly take judicial notice that the Arkansas Health Department

regulation is referring to cocaine when it lists coca leaves and its salts, compounds and derivatives, even though the regulation does not specifically mention the word "cocaine." It was therefore unnecessary for the State to introduce scientific evidence of this commonly understood fact, see Unif. R. of Evid. Rule 201(b)(2), and the trial court did not err in its punishment instruction.

Finally, appellant argues the court erred in refusing to give defendant's requested instruction on mental disease or defect. This defense is based on the assertion that as a result of the Vietnam War appellant suffers from a condition described as shell shock, combat fatigue, war neurosis, or posttraumatic stress disorder. He contends that one of the symptoms of the condition is that he has an unreasonable need to be accepted or liked by others and, in order to gain acceptance, he will yield to the requests of others. Appellant contends that Hild begged and pleaded with him to get the cocaine for her sick roommate, that he did not normally deal in cocaine, that this was the first and only time he had ever sold it and he was enticed to do so by Hild's pleading.

Lola West, a therapist from the Veteran's Administration Hospital, confirmed that appellant had been diagnosed as having posttraumatic stress syndrome and that she was treating him for this condition. She said his symptoms included depression, suicidal ideation and flashbacks from his Vietnam combat experiences. Appellant's wife testified that he was always doing things for other people and had even given away the children's bicycles when it was indicated that someone would like to have them.

Appellant maintains that, from the evidence that he suffered from a posttraumatic stress condition, the jury could have found that he was unable to conform his conduct to the requirements of law. He relies on Hall v. State, 286 Ark. 52, 689 S.W.2d 524 (1985), which stated that where there is even the slightest evidence to warrant an instruction it is error to refuse it. However, in Hall the court was discussing an instruction on a lesser included offense and the language cited does not support appellant's argument in this case. Furthermore, appellant's witness Lola West testified that appellant understood right from wrong in spite of his mental problems. Mental disease or defect is an affirmative defense and the burden rests upon the defendant to

prove that he "lacked capacity, as a result of his mental disease or defect, to conform his conduct to the requirements of law or to appreciate the criminality of his conduct." *See* Ark. Stat. Ann. § 41-601(1) (Repl. 1977). We find that appellant simply failed to produce evidence to justify his proffered jury instruction on mental disease or defect.

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.