STATE of Arkansas *v.* Gene GARRISON

CR 80-248                                    615 S.W. 2d 371

Supreme Court of Arkansas
Opinion delivered May 18, 1981

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellant.

*Macom, Moorhead, Green & Henry*, by: *J. W. Green, Jr.*, for appellee.

FRANK HOLT, Justice. Appellee, sheriff of Arkansas County, was charged by information directly in circuit court with permitting escape in the first degree. Ark. Stat. Ann. § 41-2813 (Repl. 1977). The information alleged that the appellee allowed Arthur James Wilson, Jr., to escape while in his supervision and custody. Pending trial, the circuit court granted appellee's motion for a preliminary hearing to determine if probable cause existed to justify the charge. The evidence at the hearing showed that Wilson had been causing numerous problems by his aberrant and unhygienic behavior while in custody at the county jail. The appellee sheriff checked Wilson out of the jail one night at 8 p.m. and drove him to Little Rock. The evidence is in conflict as to whether the appellee told Wilson to get out of the car upon reaching Little Rock or whether Wilson escaped from the car. Wilson was taken into custody later that evening by a local policeman. Following the probable cause hearing, the court dismissed the charges. The state appeals from this determination, raising the propriety of the hearing itself as well as several evidentiary questions.

The state first argues that the appellee was not entitled to a judicial review of the prosecutor's filing an information charging him with the alleged offense. We agree. A preliminary examination to determine if probable cause exists for an accusation did not exist at common law. 21 Am. Jur. 2d Criminal Law § 442 (1962). In *Gerstein* v. *Pugh*, 420 U.S. 103 (1975), the court reiterated its prior holding that a judicial hearing is not prerequisite to prosecution by information, holding, however, that such a judicial determination of probable cause is required for extended restraint of liberty following an arrest. The latter is not involved here. *Cf.* *Renton* v. *State*, 265 Ark. 223, 577 S.W. 2d 594 (1979). There is no constitutional provision for such a hearing, as here, nor is one constitutionally required. Constitution of Arkansas (1874), Amendment 21. *Payne* v. *State*, 226 Ark. 910, 295 S.W. 2d 312 (1956). See also *Lem Woon* v. *Oregon*, 229 U.S. 586 (1973); *Beck* v. *Washington*, 369 U.S. 541 (1962); Wharton's Criminal Procedure, § 144 (12th Ed. 1974).

Neither is there statutory authority for such a hearing. Any reliance by appellee on Rule 8.3 (c) of the Arkansas Rules of Criminal Procedure and Ark. Stat. Ann. § 43-618 (Repl. 1977) is misplaced. Both of these apply, by their terms, to situations in which the accused is in custody and the preliminary review is to determine if sufficient probable cause exists to further detain the accused. That is not the situation here as the appellee was not incarcerated. Charges against him had already been filed directly in circuit court, and there was a pretrial release based upon his own recognizance.

In the circumstances, we hold that the court erred in conducting a preliminary hearing and dismissing the information for want of probable cause.

Neither do we find merit in the appellee's contention that the state failed to object to the proceeding and, therefore, is precluded from raising the issue on appeal. A question as to jurisdiction may be raised for the first time on appeal. *Haskins* v. *State*, 264 Ark. 454, 572 S.W. 2d 411 (1978). Here, the court was without authority and therefore jurisdiction to conduct this proceeding.

We deem it unnecessary to discuss other contentions raised by the appellant.

Reversed and remanded.

ADKISSON, C.J., and PURTLE, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. In Arkansas County the prosecuting attorney has charged the sheriff, by information filed in circuit court, with the crime of permitting escape in the first degree, a class C felony. On motion of the defendant a hearing was held in circuit court for a judicial determination of the existence of probable cause for the charge.

First, I dissent from the majority holding that Rule 8.3, Ark. Rules Crim. Proc., Ark. Stat. Ann., Vol. 4A (Repl. 1977) applies only to the issue of pretrial release where the accused is in custody. A cursory reading of this rule clearly indicates its application goes beyond inquiries regarding pretrial release. Rule 8.3 provides:

Nature of First Appearance.
(a) Upon the first appearance of the defendant the judicial officer shall inform him of the charge. The judicial officer shall also inform the defendant that:
(i) he is not required to say anything, and that anything he says can be used against him;
(ii) he has a right to counsel; and
(iii) he has a right to communicate with his counsel, his family, or his friends, and that reasonable means will be provided for him to do so.
(b) No further steps in the proceedings *other than pretrial release inquiry* may be taken until the defendant and his counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived his right to counsel or has refused the assistance of counsel.
(c) The judicial officer, *if unable to dispose of the case at the first appearance, shall proceed to decide the question of the pretrial release of the defendant.* In so doing, the judicial officer shall first determine by an

informal, non-adversary hearing whether there is probable cause for detaining the arrested person pending further proceedings. The standard for determining probable cause at such hearing shall be the same as that which governs arrests with or without a warrant. (Emphasis mine)

This rule clearly contemplates that something other than a pretrial release inquiry will occur upon the first appearance of a defendant before a judicial officer. The rule states as much in each of its sections a, b, and c. This rule allows for a judicial officer "to dispose of the case at the first appearance," that is, to make a probable cause determination before defendant is put to the expense and trauma of a full-blown trial. Rule 8.3(c).

The record reflects that this was the first appearance of this defendant before a judicial officer. This rule along with Ark. Stat. Ann. § 43-601 et seq. (Repl. 1977) clearly contemplates that the charges against a defendant may be reviewed by a judicial officer prior to trial. Ark. Const. Art. 7, § 14 provides that the circuit court shall have superintending control over all inferior courts. Certainly the circuit court has ample authority to conduct a probable cause hearing, at least, where none has been conducted before an inferior court.

Our courts are crowded and are becoming more so. Part of the reason is reflected by the majority view that Arkansas County must expend funds and utilize its facilities to hold a jury trial in this case where an inmate of the Arkansas County Jail has "escaped to and remains in the Arkansas State Hospital" and the sheriff's innocence is confirmed by a polygraph examination conducted by the Arkansas State Police. The circuit court did not abuse its discretion but exercised it soundly.

Second, the majority is incorrect in holding that the trial court had no jurisdiction to conduct a probable cause hearing. The correct method of ascertaining what jurisdiction circuit courts have in civil and criminal cases is to ask whether exclusive jurisdiction of the particular case is vested

in another tribunal by the Arkansas Constitution. *Adams* v. *State*, 153 Ark. 202, 240 S.W. 5 (1922). *Daley* v. *Digby, Judge*, 272 Ark. 267 (1981).

Arkansas Const. Art. 7, § 40 confers original, but not exclusive, jurisdiction on justice of the peace courts "to sit as examining courts and commit, discharge, or recognize offenders. ..." Rule 8 places the responsibility for determining probable cause in the judicial officer before whom a defendant first appears. In this case that judicial officer was the circuit judge of Arkansas County.

I am hereby authorized to state that PURTLE, J., joins me in this dissent.