STATE of Arkansas *v.* Richard JAMISON

CR 82-101 · 641 S.W.2d 719

Supreme Court of Arkansas
Opinion delivered November 15, 1982

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellant.

*William C. McArthur,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal by the State from a pre-trial order of the trial court dismissing a charge of theft against Richard Jamison. Actually what is sought in this case is an advisory opinion by this court. The trial court was wrong in dismissing the charge and the matter is remanded.

Jamison was charged with theft in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). He waived a jury and when the matter was before the court, his counsel presented a motion to dismiss, arguing that the facts in this case would not constitute theft. After counsel briefly informed the court of the facts, the court decided that the parties could stipulate

to the facts and the court would rule the conduct did not amount to theft, thereby permitting the State to obtain a decision from us before a trial and save both parties time and expenses.

Both counsel agreed that generally the facts were that Jamison was a contract driver for ABC Trucking Company of North Little Rock, and that a dispute arose between Jamison and ABC about the amount of money due to Jamison for services performed. Apparently Jamison claimed he was due $800.00 and ABC acknowledged a debt of only $500.00. Jamison left the North Little Rock terminal with a truck and load belonging to ABC and refused to return it until he was paid what he claimed. After some negotiations, Jamison agreed to meet a representative of ABC in Dallas, Texas. When he did he was arrested for theft.

The question presented to the trial court was whether Jamison's actions deprived ABC of its property according to the criminal code. Ark. Stat. Ann. § 41-2201.4 (b) defines a form of "deprive" as withholding property or causing it to be withheld with the purpose to restore it only upon the payment of a reward *or other compensation*. On these skimpy facts, as stipulated by the lawyers, the trial judge found Jamison's conduct did not amount to depriving an owner of property until the payment of "other compensation."

The court could have dismissed the charge because it did not state a criminal offense according to the law. (There was no challenge in that regard.) But there is no provision for dismissing a charge because the facts that will be presented do not amount to criminal conduct. Who decides what the facts are? The court was careful to get the parties to agree that the trial had not started, that is, double jeopardy could not be a defense if we reversed his decision. But if the trial had not started, how could facts be determined? The court could not accept the "facts" unless it assumed the role of the fact finder, a posture he decided not to do. A.R.Cr.P., Rule 36.10 (Supp. 1981), which allows interlocutory appeals by the state, makes no provision for an appeal from a decision based on what the facts *will* be. Furthermore, in the

crime of theft, there is always the element of intent, which of course has to be decided by the jury, or the court sitting without a jury. Certainly that issue was not resolved.

The matter is reversed and remanded.

Reversed and remanded.