Denver LEMONS *v.* STATE of Arkansas

CR 91-136                                          817 S.W.2d 411

Supreme Court of Arkansas
Opinion delivered October 21, 1991

*Robert N. Jeffrey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Melissa K. Rust*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Denver Lemons, was picked up in Garland County on December 14, 1990, on charges unrelated to those involved in this appeal. A Garland County officer informed a Hot Spring County officer that Lemons might have information for him. Lemons was taken to Hot Spring County. That same date, Lemons, while in custody in Hot Spring County, confessed to burglaries by which he came into possession of jewelry and guns.

Lemons was arrested following the confession and incarcerated in Hot Spring County from that point through January 14, 1991, when he made his first appearance before a judicial officer.

Lemons moved to suppress his confession because his being held for 31 days before his first appearance violated Ark. R. Crim. P. 8.1. The motion was denied. Lemons was convicted of burglary, theft of property, and being a felon in possession of a firearm.

The sole point on appeal is whether the Trial Court erred in denying relief for the violation of Rule 8.1. We affirm the conviction as there was no connection between the delay and the evidence sought to be suppressed.

Rule 8.1. provides:

Prompt First Appearance.

An arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay.

In *Cook v. State*, 274 Ark. 244, 623 S.W.2d 820 (1981), we found a 30-day delay sufficient to establish a violation. We also held the Rule mandatory rather than discretionary;

14

however, we noted that the remedy for violation of the rule is to suppress any custodial statement. We later made it clear that to require suppression it must be shown that "the evidence [obtained in violation of the Rule] must be reasonably related to the delay." *Duncan* v. *State*, 291 Ark. 521, 726 S.W.2d 653 (1987). In this case, there is no connection between the statement obtained on the night of the arrest and the subsequent delay.

Affirmed.