Eric Randall NANCE *v.* STATE of Arkansas

CR 94-413                                          918 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered March 4, 1996
[Petition for Rehearing denied April 15, 1996.]

584

588

*Larry W. Horton* and *Phyllis J. Lemons*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill* and *Pamela Rumpz*, Asst. Att'ys Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Eric Randall Nance, appeals the amended judgment of the Hot Spring County Circuit Court entered on April 11, 1994, convicting him of one count of capital murder. *See Nance* v. *State*, 319 Ark. 292, 891 S.W.2d 28 (1995) (per curiam) (granting motion for rule on the clerk and finding timely notice of appeal from amended judgment); *Nance* v. *State*, 318 Ark. 758, 891 S.W.2d 26 (1994) (per curiam) (denying motion for rule on the clerk). Appellant was tried by a jury and sentenced to death by lethal injection. Jurisdiction is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(2). Appellant raises ten points for reversal. We find no error and affirm the trial court's judgment.

Appellant was charged by information, as amended, with capital murder by premeditated and deliberated purpose, Ark. Code Ann. § 5-10-101(a)(4) (Repl. 1993), or, in the alternative, with capital murder by felony murder, Ark. Code Ann. § 5-10-101(a)(1) (Repl. 1993). The underlying felonies charged were rape, attempted rape, kidnapping, and attempted kidnapping. The sole underlying felony with respect to which the jury was instructed, however, was attempted rape. The jury returned a verdict of guilty of capital felony murder.

The charges arose from the following events. On October 11, 1993, the vehicle of the victim, Julie Heath, was reported abandoned on Highway 270, west of Malvern near Interstate 30. On October 18, 1993, the victim's body was discovered on rural property just south of Highway 171 approximately 7.5 miles from the location where the victim's vehicle was found. The medical examiner, Dr. Frank Peretti, testified that it was likely that there was trauma to the skull and neck region of the victim's body, based on the accelerated skeletonization and evidence of insect activity in that area as compared with the relatively intact remainder of the body. Although the autopsy failed to reveal the cause or manner of death, Dr. Peretti could not rule

out death by knife wound and testified that examination of the victim's shirt showed defects consistent with a cutting wound.

At trial, appellant's brother, Vernon Nance, and appellant's sister, Belinda Christopher, testified that, after initially denying any involvement in the crime, appellant later stated that he had accidentally killed the victim. Vernon Nance testified that appellant stated that he gave the victim a ride into Malvern because her automobile had broken down on the road, that the victim saw his work knife slide out of his pocket as they drove, that the victim asked him to put the knife away, that, as he moved to put the knife in the glove compartment, the victim turned sideways in the seat and started kicking him, that he put his hand up to keep her from kicking and hitting him, and that the knife fatally lodged in her throat. Appellant made a similar statement to his sister.

Throughout his brief, appellant asserts the denial of his constitutional rights by means of merely conclusory allegations without supporting authority. In such circumstances, we decline to consider his constitutional arguments. *Rucker v. State*, 320 Ark. 643, 899 S.W.2d 447 (1995).

### 1. Motion for directed verdict

We first consider appellant's argument that the trial court erred in denying his motion for a directed verdict on the ground that insufficient proof was introduced of the underlying felony, attempted rape. Our standard of review is as follows:

> In a challenge to the sufficiency of the evidence, this court reviews the evidence in the light most favorable to the State and sustains the judgment of conviction if there is substantial evidence to support it. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. In reviewing the sufficiency of the evidence, we need only consider evidence in support of the conviction.

*Pike v. State*, 323 Ark. 56, 60, 912 S.W.2d 431, 433-4 (1996) (citations omitted) (quoting *Mills v. State*, 322 Ark. 647, 910 S.W.2d 682 (1995)). Circumstantial evidence constitutes substantial evidence when every other reasonable hypothesis consis-

tent with innocence is excluded. *Id.*

We find that the circumstantial evidence of attempted rape is substantial. Some of this evidence includes:

(1) Opinion testimony of criminalist Donald E. Smith that blood, head and pubic hairs recovered from appellant's vehicle belonged to the victim, and that hairs recovered from the victim's clothing belonged to appellant;

(2) Opinion testimony of forensic serologist Kermit Channell that, based on his tests, he could neither confirm nor deny that sexual intercourse had occurred, that the exposure of the victim's body to the weather could account for lack of some evidence, and that enzyme-characteristic analysis showed blood recovered from appellant's vehicle was consistent with the victim;

(3) Opinion testimony of forensic scientist Richard Guererri that DNA analysis of the victim's muscle tissue was consistent with blood recovered from appellant's truck seat and from the victim's shirt pad;

(4) Testimony of Dr. Peretti that the victim's brassiere was pulled up around the neck and shoulder area, her socks and panties were inside out, her pants were partially zipped, and her shirt was inside out;

(5) Testimonies of two workers at a convenience store located in Malvern near the interstate, Tina Loy and Christy Sims, that appellant entered the store at approximately 12:30 a.m. on October 12, 1993, appeared to be hot and was wearing bib overalls with dark stains on the front that appeared fresh, and wore no shirt, shoes or socks;

(6) Testimony of appellant's girlfriend, Christy Jones, that appellant left her house in Hot Springs at approximately 9:30 p.m. on October 11, 1993, wearing overalls and a tee shirt; and

(7) Testimony of Sheriff's Officer Kirk McClenahan that the victim's body was discovered with the shirt turned inside out with one shoulder pad on the outside.

## 2. *Record of probable-cause proceeding*

On October 22, 1993, the state filed a motion to determine whether probable cause existed to charge appellant with the crime. The motion recites that appellant was arrested for the crime by the Hot Spring County Sheriff's Department on October 20, 1993, had been in the sheriff's custody since arrest, and that "probable cause time" would expire on October 22, 1993, unless probable cause to charge was found.

Arkansas Rule of Criminal Procedure 4.1(e) provides that a person arrested without a warrant shall not be held in custody unless a judicial officer determines from an affidavit, recorded testimony, or other information, that there is reasonable cause to believe that the person committed an offense. Rule 4.1(e) further provides that the judicial determination shall be made within forty-eight hours of the time of arrest, except in extraordinary circumstances, and may be made at the first appearance of the arrested person pursuant to Ark. R. Crim. P. 8.1. *See also* Ark. R. Crim. P. 8.3(c). These rules protect the federal constitutional right of a person to a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. *Gerstein* v. *Pugh*, 420 U.S. 103 (1975). At this preliminary stage, the state is required to present proof that justifies the accused's arrest, not to establish the accused's guilt.

In this case, the circuit court docket for October 22, 1993, states:

> Informal probable cause hearing — Based on affidavit probable cause for charge of capital murder found — Bond set at $1,000,000.00 — P. Lemons appointed — Hearing set for October for plea and arraignment —

On October 22, 1993, the state filed the "Information With Affidavit" charging appellant with the victim's capital murder, together with the supporting "Affidavit And Statement Of Probable Cause" of Lieutenant Doug Williams of the Arkansas State Police. Lieutenant Williams's affidavit, dated October 22, 1993, recites that it is made for the purpose of obtaining an arrest warrant for appellant and charging him with the crime. A bench warrant for appellant was issued, served and filed on October 22, 1993.

Appellant argues that the trial court erred in denying his request that a "record" be made of the probable-cause proceeding, and that, as an indigent, the federal constitutional due-process guarantee absolutely entitled him to a "record." We understand this argument to be a request for a verbatim transcription of the probable-cause proceeding. This argument is meritless.

■ Our Rule 4.1(e) provided that the judicial determination of probable cause at the October 22 proceeding could be made from affidavit, recorded testimony, or other information. The state chose the affidavit method. Lieutenant Williams's October 22 affidavit, which was the basis for the judicial determination of probable cause, and the bench warrant are a part of the record on appeal. On these facts, we determine that appellant was not constitutionally entitled to a verbatim transcription of the probable-cause proceeding. Lieutenant Williams's October 22 affidavit and the bench warrant, which are included in the record on appeal, satisfied appellant's constitutional requirements to due process at this most preliminary stage of the criminal proceedings.

### 3(A). Demurrer

■ At the October 26, 1993 hearing for plea and arraignment, appellant demurred to the felony information on the ground that it failed "to state probable cause." The trial court stated that the demurrer was effectively a motion to dismiss, summarily denied the demurrer because probable cause had previously been found, and entered a plea of not guilty. Appellant next argues that the denial of the demurrer was error. This argument is without merit. Lack of probable cause is not a statutory ground for a demurrer to an indictment, Ark. Code Ann. § 16-85-708 (1987), or, by implication, to an information. *Cf. Neely* v. *State*, 317 Ark. 312, 877 S.W.2d 589 (1994) (applying statute governing amendment of indictment, by implication, to amendment of a felony information).

### 3(B). Motion to quash felony information

On October 27, 1993, appellant filed a motion to quash the felony information for lack of probable cause to arrest or charge him with the crime. The trial court summarily denied the

motion. Appellant next argues that the ruling was error. We disagree.

■ Lack of probable cause is not a statutory ground for a motion to set aside an indictment, Ark. Code Ann. § 16-85-706 (1987), *McDonald* v. *State*, 155 Ark. 142, 244 S.W. 20 (1922), *State* v. *Fox*, 122 Ark. 197, 182 S.W. 906 (1916), or, by implication, to quash an information, *Neely*, 317 Ark. 312, 877 S.W.2d 589.

■ Further, in *State* v. *Garrison*, 272 Ark. 470, 615 S.W.2d 371 (1981), this court held that the circuit court lacked authority to conduct a preliminary hearing, pending trial, to determine if probable cause existed to justify the charge brought by information and then to dismiss the information for want of probable cause. The *Garrison* court stated there was no constitutional or statutory authority for such a hearing, which it distinguished from the situation where the court must determine whether probable cause exists for extended restraint of an accused following an arrest. *Gerstein*, 420 U.S. 103; *see also* Ark. R. Crim. P. 8.3. In *Garrison*, as in the present case, the latter situation was not involved because the charge against the accused had already been filed in the circuit court and the issue of his pretrial detention had been judicially determined. *See also State* v. *Watson*, 307 Ark. 333, 820 S.W.2d 59 (1991) (stating it was error for the circuit court to grant the accused's motion to dismiss the information on the ground that the state's proffered facts did not sustain the charge); *accord State* v. *Jamison*, 277 Ark. 349, 641 S.W.2d 719 (1982).

■ An accused is not entitled to a judicial review of the prosecutor's filing an information charging him with an offense. *Garrison*, 272 Ark. 470, 615 S.W.2d 371. *See also Gerstein*, 420 U.S. at 118-19 ("In holding that the prosecutor's assessment of probable cause is not sufficient alone to justify restraint of liberty pending trial, we do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute."). In light of our determination that it was not error to summarily deny appellant's motion to quash for lack of probable cause, we need not address the merits of his argument in support of the motion.

### *4. Motion to suppress*

On March 29, 1994, the first day of trial, appellant filed a motion to suppress evidence obtained by a search of his truck on October 29, 1993. An evidentiary hearing was held outside the jury's presence. The evidence showed that the search was conducted with the written consent of Vernon Nance, who had possession of the truck on October 20, 1993, and delivered it to the Hot Spring County Sheriff's Office for that purpose. The evidence also showed that the search was conducted pursuant to a search warrant issued on October 29, 1993. The trial court denied the motion and ruled the evidence admissible if relevant. Hair and blood samples recovered in the search were subsequently admitted for identification and expert testimony received at trial.

■ Appellant next argues that no probable cause existed for the search. We disagree. In reviewing the trial court's ruling on the motion to suppress, we make an independent determination based on the totality of the circumstances and reverse only if the ruling is clearly against the preponderance of the evidence. *Watson v. State*, 308 Ark. 643, 826 S.W.2d 281 (1992). It is not necessary that sufficient information for a conviction be available when the search warrant is obtained, only that there is probable cause to believe that the place to be searched contains evidence of the crime. *Johnson v. State*, 270 Ark. 247, 604 S.W.2d 927 (1980), *cert. denied*, 450 U.S. 981 (1981). We have no doubt that such probable cause existed here.

■ The search warrant, issued on October 29, 1993, was based on Lt. Williams's affidavit of the same date. Lt. Williams averred that the victim was reported missing since the evening of October 11, 1993, by her mother to the Malvern Police Department; that the victim's vehicle was found abandoned on Highway 270, west of Malvern and approximately three miles west of Interstate 30 on the evening of October 11, 1993; that the victim's body was discovered on October 18, 1993, on property just south of Highway 171, approximately 7.5 miles from the location where the victim's vehicle was found; that the medical examiner estimated the time of the victim's death to be between midnight and 1:15 a.m. on October 12, 1993; that the state police received a call on October 20, 1993, that appellant volun-

tarily committed himself to the Arkansas State Hospital, apparently distressed due to some incident in which he may have been involved; that appellant was incarcerated for eleven years in Oklahoma for rape and sodomy and was released on May 8, 1993; that appellant drove a truck; that, at approximately 9:00 p.m. on October 11, 1993, Rebecca Doyle observed a truck behind a car in the area where the victim's vehicle was found; that appellant's girlfriend, Christy Jones, stated that appellant left her home in Hot Springs in his truck headed for Malvern on October 11, 1993, between 9:00 and 9:30 p.m.; that, on October 12, 1993, shortly after midnight, two employees of a convenience store near Highway 270 and Interstate 30 were told by appellant that his truck had broken down and that he had run to the store; that appellant immediately went to the bathroom in the convenience store and came out drying his hands; that appellant called his mother and brother on October 12, 1993, shortly after midnight, to help him fix a flat on his truck, which was located on Highway 171 approximately 1.1 miles from the place where the victim's body was found; that Ms. Jones stated appellant washed his truck and shampooed its interior on October 12, 1993, and appeared depressed; and that appellant's minister reported that appellant told him, on October 14, 1993, that he feared facing a fabricated charge involving "the girl missing in Malvern."

Appellant next argues, without citation to authority, that the search warrant was invalid because the application for the search warrant was dated October 21, 1993, eight days prior to the date of Lt. Williams's affidavit in support of the search warrant application and the search warrant. At the hearing on the motion to suppress, Lt. Williams testified that the date on the application was an error and that he recalled that, on October 29, 1993, he appeared before the circuit court judge, made his affidavit, and the search warrant was granted. The trial court stated that the testimony revealed an apparent misprision in the documents, and then ruled that the warrant was properly issued. On this record, no error is demonstrated.

Appellant next argues that the search was invalid because Vernon Nance had no standing to consent to the search of appellant's truck. We need not address this argument in light of our determination that the search was proper pursuant to warrant.

## 5. Photographs

Appellant next argues that three photographs taken at the crime scene were admitted in error because they are gruesome, inflammatory photographs of the victim's body that were not necessary to help the witnesses depict the crime scene. Although appellant failed to abstract these photographs, we have reviewed them and consider his argument, as required by Ark. Sup. Ct. R. 4-3(h). *Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994). We find appellant's contention is without merit.

Specifically, appellant challenged the admission of State's Exhibits 5, 6 and 8. State's Exhibits 5 and 8 were admitted when Herbert Chandler, Jr. testified that they showed the body that he found near his property off Highway 171. State's Exhibit 5 is taken from the road and depicts the wooded crime scene and the victim's body, which is identifiable from that distance only as a dark form resting in the underbrush. State's Exhibit 8 depicts the victim's body, as it was discovered, from a closer view and clearly reveals the decomposing upper torso and partially skeletonized head. Appellant objected that these photographs were irrelevant and admitted solely to inflame the jury. The trial court ruled that the photographs were admissible because they accurately depict the crime scene, the position of the body, the clothing on the body and other items probative of the state's case.

State's Exhibit 6 was admitted when Arkansas State Police Officer Charles Hefner testified that it depicted some of the victim's hair that was found at the crime scene between the victim's body and the road, and that the hair was taken by the medical examiner's investigator. State's Exhibit 6 is a closeup view of two clumps of hair in the underbrush, but does not depict the victim's body. Appellant objected that this photograph lacked probative value and was cumulative of State's Exhibit 8. The trial court ruled that State's Exhibit 6 was admissible because there was a substantial difference in its depiction of the crime scene.

Of these three photographs, we find only State's Exhibit 8 is gruesome. However, even gruesome photographs are admissible within the trial court's discretion if they help the jury understand the accompanying testimony. *Willett* v. *State*, 322

Ark. 613, 911 S.W.2d 937 (1995). In this case, we conclude that State's Exhibit 8 helped the jury understand Mr. Chandler's testimony of the crime scene and, for the reasons enumerated by the trial court, otherwise possessed probative value. Thus, although the photograph was gruesome, we find no abuse of discretion in admitting it.

■ Appellant next argues that it was error to permit Dr. Frank Peretti, the medical examiner who autopsied the victim, to be examined with respect to an autopsy photograph, marked for identification as State's Exhibit 29, which was not admitted into evidence. The trial court permitted the state to show the photograph to Dr. Peretti and ask him if the condition of the victim's shoulder area was consistent with a cutting wound. Appellant contends that he was prejudiced because the jury was impermissibly permitted to speculate as to the content of the photograph. This contention is without merit. At trial, appellant objected only to the admission of State's Exhibit 29 into evidence. That objection was sustained by the trial court. The photograph was not shown to the jury. On this record, we find no prejudice demonstrated.

### 6. Motion to quash amended felony informations

The original felony information filed by the state on October 22, 1993, charged appellant with capital murder by premeditated and deliberated purpose. Section 5-10-101(a)(4). The information was amended three times: first, on March 18, 1994, to charge appellant with capital murder by felony murder, section 5-10-101(a)(1); second, on March 21, 1994, to charge appellant with capital murder by premeditated and deliberated purpose, or, in the alternative, by felony murder; and, third, on March 23, 1994, to charge appellant, as an habitual offender, with capital murder by premeditated and deliberated purpose, or, in the alternative, by felony murder.

On March 28, 1994, appellant filed a motion to quash all felony informations filed against him. On March 29, 1994, prior to the commencement of trial, the trial court conducted a hearing wherein several motions were heard, including appellant's motion to quash the felony informations, and denied the motion.

■ Appellant next argues that the amended informations

violated Ark. Code Ann. § 16-85-407(b) (1987), which forbids amendment of an indictment or bill of particulars so as to change the nature of the crime charged. This argument is without merit. We have recently ruled that pretrial amendment of an information that charged capital murder on the basis of felony murder to add, as an alternative, the charge of capital murder on the basis of premeditated and deliberated purpose, does not change the nature of the crime charged in violation of section 16-85-407(b). *Rucker*, 320 Ark. 643, 899 S.W.2d 447. We have also held that amendment of an information that adds an allegation of habitual offender does not change the nature or degree of the crime. *Baumgarner* v. *State*, 316 Ark. 373, 872 S.W.2d 380 (1994).

■ Appellant next argues that "the affidavit legally required to accompany the amended information sufficient for the issuance of a new arrest warrant on the new charge was never filed." We have held that Arkansas Code Annotated 16-85-302 (1987) does not require that an information be accompanied by an affidavit. *Jacobs* v. *State*, 317 Ark. 454, 878 S.W.2d 734 (1994). Appellant cites no authority to support his argument, thus there is no reason to address it further. *Id.*

■ Appellant next argues that there was no judicial review or leave of the trial court to amend the information, nor did the state file a bill of particulars as required by Ark. Code Ann. § 16-85-407(a) (1987). This argument is without merit. Section 16-85-407(a) provides that the state, with leave of court, may amend an indictment as to matters of form or may file a bill of particulars. We have held that an information that stated the accused was charged with murder committed in the course of kidnapping constituted a specific charge that was in itself a bill of particulars. *Harmon* v. *State*, 277 Ark. 265, 641 S.W.2d 21 (1982); *see also Perkins* v. *State*, 217 Ark. 252, 230 S.W.2d 1 (1950) (stating that an information may be sufficiently specific that a bill of particulars is not required). Applying that standard to the facts of the present case, we find that the information, as amended, was in itself a bill of particulars. The third amended information read:

I, DAN HARMON, PROSECUTING ATTOR-
NEY WITHIN AND FOR THE SEVENTH JUDI-
CIAL DISTRICT OF THE STATE OF ARKANSAS,

of which Hot Spring County is a part, in the name and by the authority of the State of Arkansas, do hereby amend the information and charge ERIC RANDALL NANCE with the crime of CAPITAL MURDER, A.C.A. 5-10-101, and Habitual Offender A.C.A. 5-4-501 committed as follows, to wit:

The said defendant, Eric Randall Nance, on or about the 11th day of October, 1993 in Hot Spring County, Arkansas did commit or attempt to commit rape and/or kidnapping and in the course of and in furtherance of the felony, or in the immediate flight therefrom, he caused the death of Julie Heath under circumstances manifesting extreme indifference to the value of human life or with the premeditated and deliberated purpose of causing the death of Julie Heath, he caused the death of Julie Heath, against the peace and dignity of the State of Arkansas.

The State of Arkansas also alleges that Eric Randall Nance is an Habitual Offender, A.C.A. 5-4-501, in that he has been found guilty of, or plead guilty to, four or more felonies, against the peace and dignity of the State of Arkansas.

On this record, as a result of the state's filing of a sufficiently specific amended information, appellant demonstrates no prejudice.

Appellant next argues that it was error to deny his motion to quash the amended informations because, pursuant to Ark. Code Ann. § 16-85-410 (1987), a subsequent indictment suspends the prior indictment and quashes it. This argument is without merit. This court has previously considered section 16-85-410, as formerly codified at Ark. Stat. Ann. 43-1031, and stated that it "simply declares the effect of the pendency of another prosecution." *State* v. *Dimler*, 251 Ark. 753, 756, 475 S.W.2d 152, 154 (1972) (quoting *State* v. *Barkman*, 7 Ark. 387, 388 (1846)). Section 16-85-410 is, therefore, inapplicable on the facts of this case, which involves a single prosecution. *Cf. Patterson* v. *State*, 267 Ark. 436, 591 S.W.2d 356 (1979), *cert. denied*, 447 U.S. 923 (1980) (holding the trial court erred by failing to quash two prior jury indictments, pursuant to Ark. Stat. Ann. § 43-1031, thereby forcing the accused to trial on a twenty-two

count information that was identical to the pending grand jury indictments).

## 7. *Rearraignment*

Appellant next argues that the trial court erred in failing to arraign him and take his plea on the amended informations, in violation of Ark. Code Ann. §§ 16-85-701 and -702 (1987). Arraignment is defined as the reading of the indictment by the clerk to the defendant and asking him if he pleads guilty or not guilty to the charge. Section 16-85-701. Appellant does not contend that he would have changed his not-guilty plea had he been rearraigned on each amended information, nor does the record demonstrate that he was unaware of the nature and degree of the charge brought against him by the information, as amended. Therefore, we do not address this argument on appeal because the record fails to show that appellant raised it before the trial court or that prejudice is conclusively shown. *Oliver* v. *State*, 322 Ark. 8, 907 S.W.2d 706 (1995).

## 8. *Jury instruction*

Appellant next argues that the trial court erred in instructing the jury that to sustain the charge of capital murder, the state must prove the elements of felony murder or of murder with premeditated and deliberated purpose. Appellant contends that the reading of the instruction in the disjunctive rendered it bad for uncertainty. This argument is without merit. This court has stated that:

> [W]here but one offense is charged but the several modes provided by the statute by which it may be committed are charged in the disjunctive, the indictment is good. The reason is that the charge is based upon one offense, and the different modes of committing it provided in the statute are based upon the same transaction. . . .
>
> In other words, the State in proving the offense might show that it was done [by either or both of the several modes charged] . . . . In either event it related to the same transaction and constituted but one offense.

*Kirkpatrick* v. *State*, 177 Ark. 1124, 1127, 9 S.W.2d 574, 575 (1928) (citation omitted). This reasoning is equally applicable to

appellant's objection to the form of the jury instruction on the alternative modes of committing capital murder. Section 5-10-101(a)(1) and (a)(4).

■ Appellant next argues that it was error to instruct the jury on both the premeditated and deliberated mode and the felony-murder mode of committing capital murder because, pursuant to section 16-85-410, the original information charging him with capital murder by premeditated and deliberated purpose, was suspended and quashed by the first amended information, which charged him with capital murder by felony murder, and, therefore, he was never charged with the crime for which he was convicted. This argument, which is based upon a premise that we determined to be erroneous in our discussion of point 6 above, is patently meritless.

■ Appellant next argues, without citation to authority, that it was error to instruct the jury as to capital murder by premeditated and deliberated purpose because there was insufficient evidence to support the instruction. Because the jury verdict states that appellant was found guilty of capital felony murder, appellant cannot demonstrate that the premeditated and deliberated purpose instruction prejudiced him. Therefore, we need not consider this argument further.

## 9. Bill of particulars

On March 23, 1994, appellant filed a demand for bill of particulars and specific disclosure. Appellant requested disclosure of the state's evidence of the underlying felonies charged, rape, attempted rape, kidnapping, and attempted kidnapping, including the names and addresses of prospective witnesses, written reports or statements of witnesses and experts, and the legal basis for the underlying-felony charge. On March 29, 1994, prior to the commencement of the trial on that date, the trial court heard and denied appellant's demand for bill of particulars on the basis that appellant had been furnished all the information that the rules of discovery required.

Appellant next argues that the trial court erred in denying his demand for bill of particulars, which, he contends in a conclusory fashion, prejudiced his ability to prepare an effective defense. This argument is without merit.

■ The true function of the bill of particulars is to require the state to set forth the criminal act in detail and with sufficient certainty to apprise the defendant of the crime and enable him to prepare his defense. *Edens* v. *State*, 235 Ark. 996, 363 S.W.2d 923 (1963); Ark. Code Ann. § 16-85-301(a) (1987). As we stated above, where the information is definite in specifying the offense being charged, as in this case, the charge itself constitutes a bill of particulars. *Harmon*, 277 Ark. 265, 641 S.W.2d 21. Further, even where no bill of particulars is filed, there is no prejudice to the accused on that account when the state complies with its discovery obligation. *Limber* v. *State*, 264 Ark. 479, 572 S.W.2d 402 (1978). Appellant raises no argument on appeal that the state violated its discovery obligation under our rules of criminal procedure.

### 10. Motion to set aside judgment

On April 11, 1994, appellant filed a post-trial motion to set aside the original judgment filed on March 31, 1994. Appellant's motion contended that the judgment was inconsistent with the jury verdict, which found appellant guilty of *capital felony murder*, because the trial court struck through the word "felony" on the face of the judgment so that, as edited, it pronounced appellant to be guilty of *capital murder*. Following a hearing on the motion to set aside the judgment, the trial court entered an amended judgment on April 11, 1994, that inserted the word "felony" in the amended judgment's recitation of the jury verdict and the pronouncement of guilt. Appellant renews his argument on appeal.

■ We find no prejudice is demonstrated. The criminal statute under which appellant was charged and convicted denominates his crime as "capital murder," felony murder being one of the several modes by which the crime may be committed. Section 5-10-101. Thus, the trial court's action was not inconsistent with appellant's conviction for the crime of capital murder, pursuant to the jury verdict, and did not modify the sentence imposed.

■ Citing *Glick* v. *State*, 283 Ark. 412, 677 S.W.2d 844 (1984), appellant also contends that the trial court lacked jurisdiction to modify the judgment because he was placed in the custody of the Arkansas Department of Correction on March 31,

1994, to commence serving his sentence. This argument is meritless. In *Glick*, this court held the trial court was without jurisdiction to modify the sentence after the appellant commence to serve the sentence. In the present case, however, the trial court did not modify appellant's sentence. We have held that, after a notice of appeal is docketed and the record is filed in this court, the trial court loses jurisdiction, except for appointment of defense counsel. *Richie* v. *State*, 298 Ark. 358, 767 S.W.2d 522 (1989). In this case, the latter of those two events occurred in October 1994, when the record was filed in this court.

## Conclusion

Here, the jury unanimously found two aggravating circumstances existed beyond a reasonable doubt at the time of the commission of the capital murder, and no mitigating circumstances. We conclude that no erroneous finding of any aggravating circumstance with respect to the death penalty was found, and, therefore, we do not conduct a harmless-error review under Ark. Code Ann. § 5-4-603(d) (Repl. 1993). Further, in accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for prejudicial errors objected to by appellant but not argued on appeal, and no such errors were found.

Affirmed.