The Honorable Keith Wood State Representative Post Office Box 1122 Hope, Arkansas 71802-1122
Dear Representative Wood:
This is in response to your request, presented during your term as state representative, for an opinion regarding a prisoner confined in the county jail. The facts that you relate in your letter are as follows:
 The county administers the jail. The city initiates the investigation and arrest of a suspect for a felony offense and places the suspect in the county administered jail. Felony charges have not been filed.
Your questions with regard to the foregoing facts are as follows:
 (1) Who is responsible for getting the suspect before the court for the first appearance, the county or the city?
 (2) If the city is responsible for the first appearance but does not present the suspect for the first appearance before the court, is the county obligated to release the suspect, and if so how long should the county hold the suspect before releasing him?
 (3) At what point does the county become responsible for the arrestee's medicals, etc., at the time of the arrest, or at the time of booking the suspect into the jail?
It is my opinion that, under the circumstances presented in your letter, the prisoner is in the custody of the county sheriff and the sheriff is in all likelihood responsible for transporting the prisoner to his or her first appearance. As to your second question, it is my opinion that regardless of who is responsible for transporting the prisoner to his or her first appearance, the county should not simply release the prisoner on its own initiative because of the failure to conduct a first appearance within a specified period of time. Finally, it is my opinion that once the prisoner is confined in the county jail, the county must provide for payment for medical services. It should, however, be noted that the county may establish a daily fee to be charged municipalities for keeping municipal prisoners in the county jail.
Question 1 — Who is responsible for getting the suspect before the courtfor the first appearance, the county or the city?
I assume that your question refers to Rule 8.1 of the Arkansas Rules of Criminal Procedure which provides that an arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay. Neither Rule 8.1 nor our state statutes specify who is responsible for transporting an arrested person to his or her first appearance. Nevertheless, it is my opinion that, under the circumstances presented in your letter, the prisoner is in the custody of the county sheriff and the sheriff is in all likelihood responsible for transporting him or her to the first appearance.
It is my understanding from the facts presented in your letter that the prisoner was arrested for a felony offense and was confined in the county jail. Arkansas Code Annotated § 12-41-502 (Repl. 1995) provides that the sheriff of each county shall have the custody, rule, and charge of the jail within his county and all prisoners committed in his county, and that he may appoint a jailer. Arkansas Code Annotated § 12-41-503 (Repl. 1995) provides that "It shall be the duty of the jailer to receive from constables and other officers all persons who may be apprehended by such constables, or other officers for offenses against this state, or who shall be committed by any competent authority." This office has concluded that A.C.A. § 12-41-503 places an affirmative obligation on the county sheriff to accept prisoners who are apprehended by law enforcement officers within the county. See Op. Att'y Gen. Nos. 96-249 and 88-386. Further, A.C.A. § 14-14-802(a)(2) (1987) provides that the county, acting through the quorum court, must make provisions for the custody of persons accused of crimes. See Op. Att'y Gen. No. 96-249. Accordingly, it is my opinion that the prisoner referred to in your letter would be in the custody of the county sheriff. It is my opinion that this conclusion is also supported by A.C.A. § 14-14-1204(d) (Supp. 1995) which provides in part that the annual salary of the sheriff shall be compensation for services as the custodian of persons accused of crime.
Custody has been defined as the care and control of a person. Black's LawDictionary (5th ed. 1979). Because the county sheriff must take custody of the prisoner referred to in your letter, it is my opinion that the county sheriff would be responsible for ensuring that the prisoner appeared at a required proceeding.
While it appears that the county sheriff is responsible for the custody of the prisoner, it is possible that the city may be obligated to pay a daily fee based upon the reasonable expenses that the county incurs in keeping prisoners of municipalities. Arkansas Code Annotated §12-41-506(a) (Repl. 1995) provides that in the absence of an agreement on jail costs, the quorum court may establish a "daily fee to be charged municipalities for keeping prisoners of municipalities in the county jail." The statute further provides that the fee shall be based upon the reasonable expenses which the county incurs in keeping such prisoners in the county jail. A.C.A. § 12-41-506(b). Although the statute does not define "prisoners of municipalities," this office has previously opined that an offender who was arrested by a municipal law enforcement officer would be considered a municipal prisoner if the offense is a violation of a municipal ordinance or Arkansas statutory law. See Op. Att'y Gen. Nos.96-249, 91-409, and 91-040. In fact, in Op. Att'y Gen. No. 91-409 (copy enclosed), this office opined that a prisoner arrested by city police remained a city prisoner until felony charges were filed against that person. I concluded that counties principally bear the cost of felony prosecutions; therefore, responsibility for the costs of imprisoning someone awaiting trial on felony charges is effectively imposed upon the county. Id.; see A.C.A. § 16-92-101, 105, 109 (1987 Supp. 1995). According to the facts presented in your letter, felony charges have not been filed against the prisoner. Thus, the city may be required to pay a daily fee based upon the reasonable expenses incurred by the county in keeping prisoners of municipalities.
Further, it is my opinion that a persuasive argument can be made that necessary transportation costs, such as transportation to a first appearance, are reasonable expenses incurred by the county. Therefore, it appears that the cost of transporting such a prisoner could be considered in determining the daily fee to be charged municipalities.
Question 2 — If the city is responsible for the first appearance but doesnot present the suspect for the first appearance before the court, is thecounty obligated to release the suspect, and if so how long should thecounty hold the suspect before releasing him?
It is my opinion that regardless of who is responsible for transporting the prisoner to his or her first appearance, the county should not simply release the prisoner on its own initiative because of the failure to conduct a first appearance within a specified period of time.[1] The Arkansas Supreme Court has stated that compliance with Ark. R. Crim. P. 8.1 is mandatory; however, the remedy for violation of the rule is not release or dismissal. See Lemons v. State, 307 Ark. 12, 817 S.W.2d 411
(1991). Further, the rule provides that the arrested person shall be taken before a judicial officer without unnecessary delay; neither the rule nor the commentary to the rule provides guidance in interpreting the meaning of the term "unnecessary delay." See Duncan v. State,291 Ark. 521, 726 S.W.2d 653 (1987). It is therefore my opinion that the determination of whether there has been an "unnecessary delay" is a question of fact to be resolved by the judiciary based upon the particular circumstances in each case. See Duncan, supra; Clay v. State,318 Ark. 122, 883 S.W.2d 822 (1994). The sheriff should not independently make such a determination.
Question 3 — At what point does the county become responsible for thearrestee's medicals, etc., at the time of the arrest, or at the time ofbooking the suspect into the jail?
Initially, it must be noted that the United States Supreme Court has held that prisoners (whether they are convicted inmates or pretrial detainees) have a constitutional right to be provided with medical care and that a failure to provide such care can constitute a violation of the Eighth orFourteenth Amendments to the United States Constitution. See Op. Att'y Gen. Nos. 96-135 (copy enclosed) and 85-163; see also City of Revere v.Massachusetts General Hospital, 463 U.S. 239 (1983); Estelle v. Gamble,429 U.S. 97 (1976). As discussed in my response to Question 1, the sheriff has an affirmative obligation to accept prisoners who are apprehended by law enforcement officers within the county. In accordance, it is my opinion that the county becomes "responsible" for a prisoner's medical expenses when that person is placed in the custody of the sheriff, i.e. accepted by the jailer. See Op. Att'y Gen. No. 85-163 (county must provide payment for medical expenses incurred by prisoners housed in the county jail).
In Opinion 96-135, this office opined that a county has noconstitutional obligation to pay for needed medical services. A county, however, may not condition the provision of medical services upon the detainees' ability or willingness to pay; if the county can only provide the services by paying for them, it must pay. In addition, A.C.A. §12-41-504 (Repl. 1995) provides:
 The quorum court in each county shall prescribe the method and procedure for feeding and keeping prisoners confined in the county jail and shall provide for payment for food and services.
See also Op. Att'y Gen. No. 85-163. In Opinion 96-135, it was concluded that under state law the county must in fact pay the provider of medical services; however, the county can obtain reimbursement from the detainee. See A.C.A. § 12-41-505 (Repl. 1995).
Also, as discussed in my response to Question 1, the prisoner referred to in your letter would be considered a municipal prisoner until felony charges are filed. Pursuant to A.C.A. § 12-41-506, the city may be required to pay a daily fee based upon the reasonable expenses incurred by the county in keeping prisoners of municipalities. See Response to Question 1. It is my opinion that a persuasive argument can be made that necessary medical expenses are reasonable expenses incurred by the county. In Op. Att'y Gen. No. 81-20, this office commented that a municipality is benefited by the county's undertaking to attend to the prisoner's medical needs just as it is benefited by the county's supplying the prisoner's quarters and food. Therefore, it appears that the cost of medical expenses could be considered in determining the daily fee to be charged municipalities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] I must note that if the prisoner was not arrested pursuant to a warrant then Ark. R. Crim. P. 4.1(e) must also be considered. Rule 4.1(e) provides:
 A person arrested without a warrant shall not be held in custody unless a judicial officer determines, from affidavit, recorded testimony, or other information, that there is reasonable cause to believe that the person has committed an offense. Such reasonable cause determination shall be made promptly, but in no event longer than forty-eight (48) hours from the time of arrest, unless the prosecuting attorney demonstrates that a bona fide emergency or other extraordinary circumstance justifies a delay longer than forty-eight (48) hours. Such reasonable cause determination may be made at the first appearance of the arrested person pursuant to Rule 8.1.
See County of Riverside v. McLaughlin, 500 U.S. 44 (1991) (if such a hearing does not occur within 48 hours, the burden shifts to the government to show the existence of a good faith emergency or other extraordinary circumstances); Clay v. State, 318 Ark. 122, 883 S.W.2d 822
(1994).