The Honorable Evelyn Ammons State Representative Post Office Box 1005 Waldron, Arkansas 72958-1005
Dear Representative Ammons:
This is in response to your request for an opinion on the following two questions:
 1. How long may the police hold a person who has been charged with domestic battering and assault, Chapter 26 — Offenses Involving The Families, Dependents, Etc., A.C.A. §§ 5-26-301—5-26-309?
 2. Is it permissive for the police to hold this person for a period of time in order for the victim to be moved to a place of safety after the person charged has posted bond?
The length of time that an arrested person may lawfully be held by the police ultimately depends on the facts and circumstances in the particular case. It is, however, my opinion that the police may not simply hold a person for a specified period of time because he has been arrested for "domestic battering and assault." Rather, the police, at the very least, must take the arrested person before a judicial officer "without unnecessary delay." It is also my opinion that the police may not continue to hold a person once he or she has posted bond.
With regard to your first question, the Arkansas Rules of Criminal Procedure generally govern the pretrial holding and release of an arrested person. The procedure that must be followed depends to some extent on whether the person was arrested pursuant to a warrant. Rule 8.1 of the Arkansas Rules of Criminal Procedure provides that "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." Neither the rule nor the commentary to the rule provides guidance in interpreting the meaning of the term "unnecessary delay." See Duncan v. State,291 Ark. 521, 726 S.W.2d 653 (1987). Therefore, the determination of whether there has been an "unnecessary delay" is a question of fact to be resolved by the judiciary based upon the particular circumstances in each case.[1]
Op. Att'y Gen. 97-006; see also Duncan, supra; Clay v. State,318 Ark. 122, 883 S.W.2d 822 (1994).
If, however, the person was not arrested pursuant to a warrant, then Arkansas Rule of Criminal Procedure 4.1(e) must also be considered. Rule 4.1(e) provides that a person arrested without a warrant shall not be held in custody unless a judicial officer determines from an affidavit, recorded testimony, or other information, that there is reasonable cause to believe that the person committed an offense. Rule 4.1(e) further provides that the judicial determination shall be made promptly, but in no event longer than forty-eight hours from the time of arrest, except in extraordinary circumstances, and may be made at the first appearance of the arrested person pursuant to Ark. R. Crim. P. 8.1. See Nance v.State, 323 Ark. 583, 918 S.W.2d 114 (1996); see also County of Riversidev. McLaughlin, 500 U.S. 44 (1991) (if such a hearing does not occur within 48 hours, the burden shifts to the government to show the existence of a good faith emergency or other extraordinary circumstances). It should also be noted that A.C.A. § 16-81-113 (Supp. 1995), entitled "Warrantless arrest for domestic abuse," may be applicable. Subsection (c)(1) provides that any person arrested under the provisions of this section shall be taken before a judicial officer without unnecessary delay. A.C.A. § 16-81-113(c)(1).
Thus, rather than simply hold an arrested person in custody, the police, at the very least, must take the person before a judicial officer without unnecessary delay. Arkansas Rule of Criminal Procedure 8.3(c) provides that if the judicial officer is unable to dispose of the case at the first appearance, then the judicial officer shall proceed to decide the question of the pretrial release of the defendant. See also A.C.A. §16-81-113(c)(2) (the judicial officer shall conduct a pretrial release inquiry of the person). It should be noted that the pretrial release inquiry includes an assessment of factors such as the nature of the current charge and any facts indicating the possibility of violations of law if the defendant is released without restrictions. Ark. R. Crim. P. 8.5; see also A.C.A. § 16-81-113. Further, the judicial officer, upon the release of the defendant, may enter an order prohibiting the defendant from approaching or communicating with a particular person or from going to certain geographical areas or premises. Ark. R. Crim. P. 9.3; seealso Ark. R. Crim. P. 9.1.
With regard to your second question, the judicial officer may determine to release the defendant upon the posting of a bond to ensure the appearance of the defendant at future court proceedings. Ark. R. Crim. P. 9.2; see also Op. Att'y Gen. 92-300. In my opinion, once a defendant satisfies the requirements imposed by the judicial officer, then the police are bound by the judicial officer's order to discharge the defendant from custody. See also A.C.A. § 16-84-115 (Supp. 1995) (whenever a defendant is admitted to bail in a specified sum, he may deposit the sum with the proper official and take from the official a receipt of the deposit, upon delivering which to the officer in whose custody he is, he shall be discharged).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Although the Arkansas Supreme Court has stated that compliance with Ark. R. Crim. P. 8.1 is mandatory, the remedy for violation of the rule is not release or dismissal. See Lemons v. State, 307 Ark. 12,817 S.W.2d 411 (1991); Op. Att'y Gen. 97-006.