Eric Randall NANCE *v.* STATE of Arkansas

CR 99-365                                        4 S.W.3d 501

Supreme Court of Arkansas
Opinion delivered November 18, 1999

*Charles L. Carpenter, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Todd L. Newton*, Ass't Att'y Gen., for appellee.

W. "DUB" ARNOLD, Chief Justice. The appellant, Eric Randall Nance, was convicted of capital felony murder and sentenced to die by lethal injection. This Court affirmed the conviction and sentence in *Nance v. State*, 322 Ark. 583, 918 S.W.2d 114 (1996). Appellant filed a petition for certiorari with the United States Supreme Court, seeking review of this Court's decision. The Supreme Court denied certiorari. Appellant filed a timely petition for relief under Rule 37 of the Arkansas Rules of Criminal Procedure, alleging, among other things, that his trial counsel provided ineffective representation during the trial and penalty phases of his trial. Appellant requested a hearing.

The State filed a motion for summary judgment on the pleadings on November 12, 1997. Appellant filed a response. On December 3, 1998, without having held a hearing, the trial court issued an order denying appellant's petition for postconviction relief. It is from that order that appellant brings the instant appeal. On appeal, appellant asserts the following:

1) The trial court erred in dismissing appellant's petition for relief without holding an evidentiary hearing on his claims of ineffective assistance of counsel;

2) The trial court's failure to grant appellant a hearing violates his right to equal protection of the law.

## I. Evidentiary hearing

██ Appellant contends that the trial court should have held a hearing with respect to two of his claims of ineffective assistance of counsel: (1) both of his trial counsel were ineffective for failing to present a coherent mitigation case; and (2) counsel were ineffective for failing to object to a sentence recommendation by the victim's mother during the penalty phase of the trial. The trial court found that these claims were conclusory and insufficient to warrant post-conviction relief. On appeal from the denial of postconviction relief, the trial court's findings will not be reversed unless they are clearly erroneous or clearly against the preponderance of the evidence. *Helton v. State*, 325 Ark. 140, 924 S.W.2d 239 (1996).

██ Where a petition for Rule 37 relief is filed, the trial court must either grant a hearing on the petition or make a determination from the files and records if they conclusively show that the petitioner is entitled to no relief. If the petition is summarily denied without an evidentiary hearing, the court must make written findings specifying the parts of the files and records relied upon in denying the petition. *Brown v. State*, 291 Ark. 143, 722 S.W.2d 845 (1987). A trial court may conclude from the record that post-conviction relief sought pursuant to Rule 37 should be denied and that no hearing is necessary. *Smith v. State*, 300 Ark. 291, 778 S.W.2d 924 (1989).

██ The trial court is not required to hold an evidentiary hearing, even in a case involving the death penalty. We have held that the circuit court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Bohanan v. State*, 327 Ark. 507, 939 S.W.2d 832 (1997) (citing Ark. R. Crim. P. 37.3(a)). Furthermore, conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Bryant v. State*, 323 Ark. 130, 913 S.W.2d 257 (1996). As we stated in *Spivey v. State*, 299 Ark. 412, 773 S.W.2d 446 (1989):

> A claim that prejudice was suffered without any factual explanation about what form the prejudice took or how serious it was is not enough to prove ineffective assistance of counsel. Conclusory allegations which are not supported by a showing of actual prejudice

> so serious as to deprive the petitioner of a fair trial or a fair appellate proceeding do not warrant an evidentiary hearing.

Clearly, the mere fact that an evidentiary hearing was not conducted is not reason, in and of itself, to warrant reversal of the trial court.

### A. "Coherent mitigation case"

Appellant contends that his counsel were ineffective for failing to develop a "coherent mitigation case" based upon his alleged mental problems. Appellant states that "it is unclear what counsels' strategy was" in this regard, and that it is inappropriate "for either the trial court or this Court to assign a strategy to defense counsel without further evidence and then pronounce that strategy to be sound."

It should first be noted that appellant has failed to abstract any of the trial below, except for the pretrial motions filed by counsel, rulings on some of the motions, and a jury instruction. Therefore, we are unable to determine exactly what was presented during the trial or sentencing phase.

In addition, appellant seems to overlook the fact that the trial court did not assign as trial strategy counsel's decision not to present mitigation evidence concerning his alleged mental problems. Instead, the trial court found that this claim was "general, non-specific, and does not constitute a basis for postconviction relief." Furthermore, the trial court found that appellant's counsel sought funding for an independent mental evaluation, for investigation of mitigation evidence, and for hiring an investigator; thus, any claims to the contrary were conclusory. We agree.

Appellant contends that the trial court's finding was erroneous because the court knew of his mental problems and because his counsel submitted jury instructions concerning his mental state at the time of the murder. Appellant has, however, failed to establish what mental problems he had that could have provided a basis for a "coherent mitigation case." The trial court simply stated that it was aware of his "purported past mental history" and ordered a mental evaluation of him. This evaluation was to include a determination whether, on the date of the murder, appellant lacked the capacity,

as a result of mental disease or defect, to conform his conduct to the requirements of the law and whether he had the capacity to form the culpable mental state to commit the murder.

The record does not reflect whether that evaluation occurred and, if so, what the results were. However, the absence of any evidence at trial concerning appellant's alleged mental problems, and more importantly, appellant's failure to present in his Rule 37 petition (and in this appeal) any evidence whatsoever to support this claim, augments the trial court's conclusion that this claim is conclusory.

Furthermore, appellant's failure to bolster his claim with proof of his alleged mental problems renders his claim of ineffective assistance of counsel meritless; as such, appellant was not entitled to a hearing in this regard. As we stated in *Whitmore v. State*, 299 Ark. 55, 771 S.W.2d 266 (1989), the strong presumption in favor of counsel's effectiveness cannot be overcome by the mere claim that petitioner had relatives or other witnesses who might have had some mitigating evidence to present.

In order to show that his counsel were ineffective, appellant must establish that their representation fell below an objectively reasonable standard and that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). This reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Pruett v. State*, 287 Ark. 124, 697 S.W.2d 872 (1985).

The appellant has failed to offer any evidence that his counsel were ineffective for failing to develop a mitigation case based upon his alleged mental problems. Moreover, he has failed to establish that a reasonable probability exists that the outcome of the penalty phase would have been different had his counsel pursued the alleged mitigation evidence. Therefore, appellant failed to meet his burden under ·*Strickland*, and the trial court properly denied relief on this claim without a hearing. *See Scott v. State*, 303 Ark. 197, 795 S.W.2d 353 (1990) (postconviction relief properly denied without a hearing regarding conclusory claim of failure to present witnesses where defendant failed to list witnesses not procured);

*Whitmore*, 299 Ark. at 66, 771 S.W.2d at 271 (no hearing warranted based upon bald statements of history of psychiatric treatment, alcoholism, and dysfunctional family, where defendant offered no details of what witnesses could have testified to and how outcome would have been different); *Rheuark v. State*, 299 Ark. 243, 771 S.W.2d 777 (1989) (no hearing warranted where defendant failed to establish prejudice).

### B. *Victim-impact testimony*

Appellant next contends that his counsel were ineffective for failing to object to testimony by the victim's mother that she believed appellant deserved the death penalty. He further argues that the trial court erred in dismissing this claim without a hearing. The trial court found that appellant's attorneys "moved to prohibit and to limit victim-impact testimony both pretrial and at trial prior to the mother's testimony.... Further, no facts are alleged which would show prejudice, only conclusory allegations of ineffective assistance of counsel." We agree.

■ First, the trial court was correct in finding that appellant's attorneys objected both before and during trial to the victim-impact evidence, albeit on relevancy grounds. Still, appellant failed to establish that his attorneys should have objected yet again on the ground that the victim's mother's testimony constituted an improper sentencing recommendation. Further, the question of when or whether to object is clearly a matter of trial strategy. We have held only recently that experienced advocates might differ about when, or if, objections are called for since, as a matter of trial strategy, further objections from counsel may succeed in making the comments seem more significant to the jury. *See Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999). We have repeatedly held that matters of trial strategy do not provide a basis for either an evidentiary hearing or postconviction relief. *Burnett v. State*, 310 Ark. 202, 832 S.W.2d 848 (1992); *Fretwell v. State*, 292 Ark. 96, 728 S.W.2d 180 (1987).

■ Moreover, appellant has failed to establish that there is a reasonable probability that the outcome of the sentencing phase would have been different had his attorneys objected. There was, in fact, overwhelming evidence of appellant's guilt, as previously

determined by this Court. *Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996). In addition, the jury found that two aggravating circumstances existed: (1) that appellant had previously committed another violent felony; and (2) that appellant had committed the present murder to avoid or prevent arrest. This Court has already concluded that neither of these findings was erroneous. *Nance*, 323 Ark. at 605, 918 S.W.2d at 124-25. That being the case, appellant has failed to establish that the outcome would have been different had his attorneys objected to the statement by the victim's mother.

We hold, therefore, that the trial court's failure to hold an evidentiary hearing in the instant case does not constitute error.

## II. Equal Protection

Appellant next contends that his case should be governed by Rule 37.5 of the Arkansas Rules of Criminal Procedure because his petition was pending when Rule 37.5 took effect. Rule 37.5 requires, within twenty-one days of the issuance of the appellate mandate, an assessment of the availability of counsel for defendants sentenced to death.

Rule 37.5 evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 through 206 (Supp. 1997) (Arkansas Effective Death Penalty Act of 1997), where the General Assembly expressly noted that the purpose of the Act was to comply with federal law by instituting a comprehensive state court review. Ark. Code Ann. § 16-91-204 (Supp. 1997). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. We have held, therefore, that in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure that the denial rests on solid footing. Appellant argues that he is entitled to the application of Rule 37.5, including the right of access to the records of his trial attorneys and the right to the assistance of counsel who may be paid for their efforts and reimbursed for investigative expenses. Because the provisions of Rule 37.5 were not applied to him, appellant contends that his equal protection rights have been violated. This argument, however, was not presented below, nor was it presented in appellant's Rule 37 petition; furthermore, this argu-

ment is not cognizable under Rule 37 review. Therefore, appellant is procedurally barred from asserting it on appeal.

Even constitutional questions must first be presented to the trial court in order to be preserved for appellate review. *Tabor v. State*, 333 Ark. 429, 971 S.W.2d 227 (1998). Having failed to ask for Rule 37.5 to be applied to him below, appellant may not complain on appeal that he was somehow deprived of its application.

Affirmed.